WATSON, Judge.
This is an appeal from a judgment sustaining an exception of prescription and peremption filed under LSA-R.S. 23:1209. The trial court assigned the following reasons which we adopt:

John C. Abshire, Sr. filed this suit on May 12, 1977 seeking workmen’s compensation benefits for injuries he received on October 25, 1973 when he was injured in an automobile accident while working as a trooper for the Louisiana State Police. In his second supplemental and amending petition he alleges that during the period from November 20,1974 to January 15,1977, the actions of his employer lulled and mislead him into believing that he was entitled to workmen’s compensation benefits and they would be forthcoming.

The defendant-insurance carrier, Houston General Insurance Company, has filed an exception of prescription and peremption. It is this exception which is now before the Court.

The evidence discloses that plaintiff received serious injuries in the accident and although he returned to work on January 10, 1974 after his injury, it became necessary for him to return to the hospital from time to time for surgery. Here following is a chronological listing of events.

1. October 25, 1973 (accident) to January 9, 1974 (workmen’s compensation benefits paid).

2. January 10, 1974 to May 24, 1974, (worked — no workmen's compensation benefits paid).
3. May 25, 1974 to May 29, 1974 (hospitalized for tests — -paid by sick leave).

4. May 30, 1974 to July 6, 1974 (worked —no workmen’s compensation benefits paid).

5. July 7, 1974 to November 20, 1974 (hospitalized for surgery and recovery— workmen’s compensation benefits paid).
6. November 21, 1974 to April 20, 1975 (worked — no workmen’s compensation benefits paid).
7. April 21, 1975 to April 28, 1975 (wrist surgery and recuperation — paid by sick leave).
8. April 29, 1975 to October 21, 1975 (worked — no workmen’s compensation benefits paid).
9. October 22, 1975 to October 29, 1975 (wrist surgery and recovery — paid through sick leave).
10. October 30, 1975 to March 11, 1976 (worked — no workmen’s compensation benefits paid).

11. March 12, 1976 to January 14, 1977 (special leave granted by Civil Service, accumulated sick leave, accumulated annual leave and accumulated overtime).,

12. January 15, 1977 (retirement).

Plaintiff testified that he attended Lamar Tech for four (4) years and received a 
*734
certificate of completion of a diesel mechanics course. He then became employed by Louisiana State Police and served ten (10) years one (1) month and twenty-eight (28) days as a trooper before he retired in January of 1977 at seventy five (75%) per cent of wages.

Plaintiff testified that he was used to making up property damage reports concerning automobile accidents but he was not familiar with workmen’s compensation claims. During those periods after the accident when he drew workmen’s compensation benefits and would simultaneously draw sick leave, it was his practice to endorse his weekly compensation checks over to the state. By the procedure of paying the workmen’s compensation benefits over to the state, the employee would be able to buy sick leave on a hour to hour basis. That is, if the workmen’s compensation check was for $40.00 and his wages was $5.00 per hour, a $40.00 check would buy 8 hours (or one 8 hour day) of sick leave. Mr. Abshire received no workmen's compensation benefits after November 20, 1974. He returned to work on November 21,1974 and worked continuously until March 12, 1976 except for two (2) one week periods when he was hospitalized for wrist surgery. During those one week periods he drew sick leave pay.

Plaintiff testified at the trial that his superiors, namely Lt. Ray Boudin, Capt. Clifford Cabell and Capt. Homer Jones all represented to him that even though he would take sick leave when necessary it would be returned to him because he was covered by workmen’s compensation. Mr. Abshire said he talked to the insurance adjuster in Alexandria in January of 1976 and was told that he was not covered by workmen’s compensation. Plaintiff stated he relayed this information to Capts. Cabell and Jones and they assured him he was covered. Be that as it may, also in January and February of 1976, he discussed the matter with an attorney.

Officers Boudin, Cabell and Jones (now retired) all testified. The officers testified to the effect that all workmen’s compensation claims were handled through an insurance adjuster and it was not one of their duties to deal with them. They did say that when a trooper was drawing sick leave and was also receiving workmen’s compensation benefits, they would forward the workmen’s compensation checks to buy sick leave time. None of these officers could recall making representations to plaintiff at any time to the effect that he was still covered by workmen's compensation. While these officers may have been plaintiff’s superiors, they were disinterested witnesses without any interest in the outcome of this lawsuit. The Court feels they testified truthfully.

The Court has carefully considered the evidence and given plaintiff every benefit of doubt. Nevertheless, the Court must conclude that plaintiff was not mislead or “lulled to sleep” into believing he would still be eligible for workmen’s compensation benefits. In a case such as this, it is the plaintiff who bears the burden of proof. That burden has not been sustained. Accordingly, the exception of prescription and peremption is maintained and this suit is dismissed at plaintiff's cost.

The record fully supports the conclusions of the trial judge. Since we find no error, the judgment is affirmed at plaintiff’s costs.
AFFIRMED.